APPEAL,CAP,CAT B

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:21−cr−00234−CJN</u>−1

Case title: USA v. FISCHER

Magistrate judge case number: 1:21−mj−00237−GMH

Date Filed: 03/19/2021

Assigned to: Judge Carl J. Nichols

**<u>Defendant (1)</u>**

**JOSEPH W. FISCHER**                    represented by    **Eugene Jeen−Young Kim Ohm**
FEDERAL PUBLIC DEFENDER FOR
THE DISTRICT OF COLUMBIA
625 Indiana Avenue, NW
Suite 550
Washington, DC 20004
(202) 208−7500
Fax: (202) 208−7515
Email: eugene_ohm@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Amanda Rachel Gaynor**
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
330 Pine Street
Suite 302
Williamsport, PA 17701
570−323−9314
Email: amanda_gaynor@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Lori J. Ulrich**
OFFICE OF THE FEDERAL PUBLIC
DEFENDER
Middle District of Pennsylvania
100 Chestnut Street
Suite 306
Harrisburg, PA 17101
(717) 782−2237
Fax: (7107) 782−3881

1

Email: lori_ulrich@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**                                                  **Disposition**

18:231(a)(3); CIVIL DISORDER; Civil
Disorder
(1)

18:231(a)(3); CIVIL DISORDER; Civil
Disorder.
(1s)

18:111(a)(1) and 2;
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
and Aiding and Abetting
(2)

18:111(a)(1) and 2;
ASSAULTING/RESISTING/IMPEDING
OFFICERS/EMPLOYEES; Assaulting,
Resisting, or Impeding Certain Officers
and Aiding and Abetting.
(2s)

18:1512(c)(2) and 2; TAMPERING WITH
A WITNESS, VICTIM OR
INFORMANT; Obstruction of an Official
Proceeding and Aiding and Abetting
(3)

18:1752(a)(1); TEMPORARY
RESIDENCE OF THE PRESIDENT;
Entering and Remaining in a Restricted
Building or Grounds
(4)

18:1752(a)(1); TEMPORARY
RESIDENCE OF THE PRESIDENT;
Entering and Remaining in a Restricted
Building or Grounds.
(4s)

18:1752(a)(2); TEMPORARY
RESIDENCE OF THE PRESIDENT;
Disorderly and Disruptive Conduct in a
Restricted Building or Grounds
(5)

18:1752(a)(2); TEMPORARY
RESIDENCE OF THE PRESIDENT;
Disorderly and Disruptive Conduct in a

Restricted Building or Grounds.
(5s)

40:5104(e)(2)(D); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Disorderly
Conduct in a Capitol Building
(6)

40:5104(e)(2)(D); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Disorderly
Conduct in a Capitol Building.
(6s)

40:5104(e)(2)(G); VIOLENT ENTRY
AND DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Parading,
Demonstrating, or Picketing in a Capitol
Building
(7)

40:5104(e)(2)(G); IOLENT ENTRY AND
DISORDERLY CONDUCT ON
CAPITOL GROUNDS; Parading,
Demonstrating, or Picketing in a Capitol
Building.
(7s)


**Highest Offense Level (Opening)**

Felony


| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1512(c)(2) and 2; TAMPERING WITH A WITNESS, VICTIM OR INFORMANT; Obstruction of an Official Proceeding and Aiding and Abetting. (3s) | Dismissed on Order of the Court. |


**Highest Offense Level (Terminated)**

Felony


| **Complaints** | **Disposition** |
| --- | --- |
| COMPLAINT in Violation of 18:231(a)(3), 18:1752(a)(1) and (a)(2), 40:5104(e)(2)(D) and (G) and 18:1512(c)(2) | |


**Plaintiff**

**USA**                                           represented by **Alexis Jane Loeb**
                                                  U.S. ATTORNEY'S OFFICE FOR THE
                                                  NORTHERN DISTRICT OF CAL
                                                  450 Golden Gate Ave.
                                                  11th Fl.
                                                  San Francisco, CA 94102
                                                  (415) 436−7168
                                                  Fax: (415) 436−7234
                                                  Email: alexis.loeb@usdoj.gov
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: Assistant U.S. Attorney*

                                                  **Elizabeth Harper Danello**
                                                  U.S. ATTORNEY'S OFFICE FOR THE
                                                  DISTRICT OF COLUMBIA
                                                  Appellate Division
                                                  555 4th Street, NW
                                                  Washington, DC 20530
                                                  (202) 252−6768
                                                  Email: elizabeth.danello@usdoj.gov
                                                  *LEAD ATTORNEY*
                                                  *ATTORNEY TO BE NOTICED*

                                                  **James Pearce**
                                                  U.S. DEPARTMENT OF JUSTICE
                                                  CRIMINAL DIVISION APPELLATE
                                                  SECTION
                                                  Department of Justice, Criminal Division
                                                  950 Pennsylvania Ave NW
                                                  Suite 1250
                                                  Washington, DC 20530
                                                  (202) 532−4991
                                                  Fax: (202) 305−2121
                                                  Email: james.pearce@usdoj.gov
                                                  *ATTORNEY TO BE NOTICED*
                                                  *Designation: Assistant U.S. Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/17/2021 | 1 | | SEALED COMPLAINT as to JOSEPH W. FISCHER (1). (Attachments: # 1 Statement of Facts) (zstd) [1:21−mj−00237−GMH] (Entered: 02/17/2021) |
| 02/17/2021 | 3 | | MOTION to Seal Case by USA as to JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order)(zstd) [1:21−mj−00237−GMH] (Entered: 02/17/2021) |
| 02/17/2021 | 4 | | ORDER granting 3 Motion to Seal Case as to JOSEPH W. FISCHER (1). Signed by Magistrate Judge G. Michael Harvey on 02/17/2021. (zstd) [1:21−mj−00237−GMH] (Entered: 02/17/2021) |
| 02/19/2021 | | | Case unsealed as to JOSEPH W. FISCHER (bb) [1:21−mj−00237−GMH] (Entered: 02/19/2021) |

| 02/19/2021 | | | Arrest of JOSEPH W. FISCHER in U.S. District Court for the Middle District of Pennsylvania (Harrisburg). (zltp) [1:21−mj−00237−GMH] (Entered: 02/25/2021) |
| 02/23/2021 | 5 | | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney McClain, Nicole E. added. Substituting for attorney Amy E. Larson (McClain, Nicole) [1:21−mj−00237−GMH] (Entered: 02/23/2021) |
| 02/23/2021 | 6 | | Rule 5(c)(3) Documents Received as to JOSEPH W. FISCHER from U.S. District Court for the Middle District of Pennsylvania (Harrisburg) Case Number 1:21−mj−00023−SES (zltp) Modified on 2/25/2021 (zltp). [1:21−mj−00237−GMH] (Entered: 02/25/2021) |
| 02/25/2021 | 10 | | ORDER Setting Conditions of Release : Defendant JOSEPH W. FISCHER placed on Personal Recognizance Bond, signed by Magistrate Judge Robin M. Meriweather on 2/25/2021. (kk)[1:21−mj−00237−GMH] (Additional attachment(s) added on 4/23/2021: # 1 Appearance Bond) (zkk). (Entered: 03/01/2021) |
| 02/25/2021 | 14 | | Arrest Warrant, dated 2/17/2021, returned executed in the U.S. District Court for the District of Columbia on 2/25/2021 as to Defendant JOSEPH W. FISCHER. (zstd)[1:21−mj−00237−GMH] Modified on 3/26/2021 (kk). (Entered: 03/22/2021) |
| 02/25/2021 | | | ORAL MOTION by Defendant JOSEPH W. FISCHER to Appoint Counsel. (kk) (Entered: 03/26/2021) |
| 02/25/2021 | | | ORAL MOTION by USA to Exclude Time Under the Speedy Trial Act from 2/25/2021 to 3/15/2021 as to Defendant JOSEPH W. FISCHER. (kk) (Entered: 03/26/2021) |
| 02/25/2021 | | | Minute Entry for Initial Appearance as to JOSEPH W. FISCHER held by video before Magistrate Judge Robin M. Meriweather on 2/25/2021 : The Court advised the Government of its due process obligations under Rule 5(f). Oral Motion by Defendant to Appoint Counsel, heard and granted. Assistant Federal Public Defender Eugene Ohm appointed to represent JOSEPH W. FISCHER. The defendant agreed to appear by Zoom for this hearing. A preliminary hearing was held in Pennsylvania for the defendant. Status Hearing set before Magistrate Judge Zia M. Faruqui on 3/15/2021 at 1:00 pm by telephonic/VTC. Oral Motion by USA to Exclude Time Under the Speedy Trial Act from 2/25/2021 to 3/15/2021, with no opposition by the defense, heard and granted in the interest of justice. Bond Status of Defendant: Defendant placed on Personal Recognizance Bond. Court Reporter: FTR Gold – Ctrm. 7; FTR Time Frames: 1:32:31 – 1:43:19 and 2:48:22 – 3:55:29. Defense Attorney: Eugene Ohm; U.S. Attorneys: Jacob Steiner and Nicole McClain; Pretrial Officer: Andre Sidbury. (kk) (Entered: 03/26/2021) |
| 03/03/2021 | 11 | | NOTICE OF ATTORNEY APPEARANCE Alexis Jane Loeb appearing for USA. (Loeb, Alexis) [1:21−mj−00237−GMH] (Entered: 03/03/2021) |
| 03/11/2021 | 12 | | NOTICE of Discovery Correspondence by USA as to JOSEPH W. FISCHER (Attachments: # 1 Exhibit Discovery Letter)(Loeb, Alexis) [1:21−mj−00237−GMH] (Entered: 03/11/2021) |
| 03/15/2021 | | | |

| | | | |
|---|---|---|---|
| | | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Status Hearing as to JOSEPH W. FISCHER held on 3/15/2021. Defendant present by video. Government seeking to Indict the defendant. Status Hearing set for 3/29/2021 at 1:00 PM by Telephonic/VTC before Magistrate Judge Zia M. Faruqui. Bond Status of Defendant: Defendant Remain on Personal Recognizance; Court Reporter: FTR–Gold; FTR Time Frame: Ctrm 4 [2:51:28–2:56:25];Defense Attorney: Eugene Ohm; US Attorney: Alexis Loeb; Pretrial Officer: Andre Sidbury. (ztl) (Entered: 03/25/2021) |
| 03/19/2021 | 15 | | INDICTMENT as to JOSEPH W. FISCHER (1) count(s) 1, 2, 3, 4, 5, 6, 7. (zstd) (Entered: 03/22/2021) |
| 03/19/2021 | | | MINUTE ORDER: The status hearing currently scheduled for 3/29/2021 is hereby VACATED, as the government has formally charged JOSEPH W. FISCHER and there are no additional matters necessitating action by a magistrate judge. If a hearing has not been scheduled before the assigned district judge, the parties are directed to contact the chambers of the assigned district judge to schedule a hearing. Signed by Magistrate Judge Zia M. Faruqui on 3/19/2021. (ztl) (Entered: 03/25/2021) |
| 03/24/2021 | 17 | | MOTION to Continue *and Exclude Time* by USA as to JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order to Continue and Exclude Time)(Loeb, Alexis) (Entered: 03/24/2021) |
| 03/24/2021 | 18 | | Unopposed MOTION for Protective Order by USA as to JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order Protective Order)(Loeb, Alexis) (Entered: 03/24/2021) |
| 03/24/2021 | 22 | | MOTION to Exclude Time by USA as to JOSEPH W. FISCHER. (See docket entry 17 to view document.) (zstd) (Entered: 03/31/2021) |
| 03/25/2021 | | | Terminate Deadlines and Hearings as to JOSEPH W. FISCHER: Status Hearing set for 3/29/2021 at 1:00 PM by Telephonic/VTC before Magistrate Judge Zia M. Faruqui is VACATED. (ztl) (Entered: 03/25/2021) |
| 03/26/2021 | 19 | | MOTION for Disclosure *of Discovery* by USA as to JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order)(Loeb, Alexis) (Entered: 03/26/2021) |
| 03/26/2021 | 20 | | NOTICE *of Discovery Correspondence* by USA as to JOSEPH W. FISCHER (Attachments: # 1 Exhibit Discovery Letter)(Loeb, Alexis) (Entered: 03/26/2021) |
| 03/30/2021 | 21 | | NOTICE OF ATTORNEY APPEARANCE: Lori J. Ulrich appearing for JOSEPH W. FISCHER (Ulrich, Lori) (Entered: 03/30/2021) |
| 03/30/2021 | | | Set/Reset Hearings as to JOSEPH W. FISCHER: Arraignment/Status Conference set for 4/6/2021 at 03:00 PM in Telephonic/VTC before Judge Carl J. Nichols. (zcal) (Entered: 03/30/2021) |
| 04/06/2021 | | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference/Arraignment as to JOSEPH W. FISCHER (1): Count 1,2,3,4,5,6,7 held on 4/6/2021. Not Guilty Plea as to all counts. Speedy Trial as to JOSEPH W. FISCHER is Excluded from 4/6/2021 to 5/6/2021, in the Interest of Justice, XT. Further Order to be issued by the Court. Status Conference set for 5/6/2021 at 02:00 PM in Telephonic/VTC before Judge Carl |

| | | | |
|---|---|---|---|
| | | | J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Eugene Ohm and Lori Ulrich; US Attorney: Alexis Loeb. (zcal) (Entered: 04/06/2021) |
| 04/06/2021 | 23 | | Unopposed MOTION for Protective Order *(Revised)* by USA as to JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order Revised Proposed Protective Order)(Loeb, Alexis) (Entered: 04/06/2021) |
| 04/12/2021 | 24 | | PROTECTIVE ORDER. Signed by Judge Carl J. Nichols on April 12, 2021. (lccjn2) (Entered: 04/12/2021) |
| 04/12/2021 | 25 | | ORDER granting in part and denying in part 22 Motion to Exclude as to JOSEPH W. FISCHER; granting in part and denying in part 17 Motion to Continue as to JOSEPH W. FISCHER. Signed by Judge Carl J. Nichols on April 12, 2021. (lccjn2) (Entered: 04/12/2021) |
| 04/13/2021 | 27 | | Unopposed MOTION for Disclosure *of Grand Jury and Sealed Materials and Proposed Order* by USA as to JOSEPH W. FISCHER. (Loeb, Alexis) (Entered: 04/13/2021) |
| 04/19/2021 | 28 | | NOTICE *of Discovery Correspondence* by USA as to JOSEPH W. FISCHER (Attachments: # 1 Exhibit Discovery Letter)(Loeb, Alexis) (Entered: 04/19/2021) |
| 04/22/2021 | 29 | | ORDER granting 27 Motion for Disclosure as to JOSEPH W. FISCHER. Signed by Judge Carl J. Nichols on April 22, 2021. (lccjn2) (Entered: 04/22/2021) |
| 04/26/2021 | 30 | | ENTERED IN ERROR.....NOTICE *PROTECTIVE ORDER GOVERNING DISCOVERY* by JOSEPH W. FISCHER (Ulrich, Lori) Modified on 4/28/2021 (zstd). (Entered: 04/26/2021) |
| 04/26/2021 | | | NOTICE OF CORRECTED DOCKET ENTRY: as to JOSEPH W. FISCHER re 30 Notice (Other) was entered in error and counsel was instructed to refile said pleading and include the motion for protective order (zstd) (Entered: 04/28/2021) |
| 04/27/2021 | 31 | | ENTERED IN ERROR.....MOTION for Bill of Particulars by JOSEPH W. FISCHER. (Attachments: # 1 NOTICE OF FILING)(Ulrich, Lori) Modified on 4/28/2021 (zltp). (Entered: 04/27/2021) |
| 04/27/2021 | | | NOTICE OF CORRECTED DOCKET ENTRY: as to JOSEPH W. FISCHER re 31 MOTION for Bill of Particulars was entered in error and counsel was instructed to refile said pleading. Counsel will refile as notice of filing. (zltp) (Entered: 04/28/2021) |
| 04/28/2021 | 32 | | NOTICE *Bill of Particulars* by JOSEPH W. FISCHER (Attachments: # 1 Bill of Particulars)(Ulrich, Lori) (Entered: 04/28/2021) |
| 05/03/2021 | 33 | | NOTICE *of Filing Letter Response to Defendant's Letter Requesting Bill of Particulars* by USA as to JOSEPH W. FISCHER re 32 Notice of Filing (Attachments: # 1 Exhibit Letter)(Loeb, Alexis) Modified text on 5/4/2021 (zstd). (Entered: 05/03/2021) |
| 05/06/2021 | | | MINUTE ORDER. Pursuant to the Due Process Protections Act, the Court ORDERS that all government counsel shall review their disclosure obligations |

| | | |
|---|---|---|
| | | under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, as set forth in Local Criminal Rule 5.1, and comply with those provisions. The failure to comply could result in dismissal of the indictment or information, dismissal of individual charges, exclusion of government evidence or witnesses, continuances, Bar discipline, or any other remedy that is just under the circumstances. Signed by Judge Carl J. Nichols on May 6, 2021. (lccjn2) (Entered: 05/06/2021) |
| 05/06/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to JOSEPH W. FISCHER held on 5/6/2021. Speedy Trial as to JOSEPH W. FISCHER is Excluded from 5/6/2021 to 6/17/2021, in the Interest of Justice, XT. Status Conference set for 6/17/2021 at 01:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Eugene Ohm and Lori Ulrich; US Attorney: Alexis Loeb. (zcal) (Entered: 05/06/2021) |
| 05/24/2021 | 35 | NOTICE *of Discovery Correspondence* by USA as to JOSEPH W. FISCHER (Attachments: # 1 Exhibit Discovery Letter)(Loeb, Alexis) (Entered: 05/24/2021) |
| 06/14/2021 | 36 | NOTICE *of Discovery Correspondence* by USA as to JOSEPH W. FISCHER (Attachments: # 1 Exhibit Discovery Letter)(Loeb, Alexis) (Entered: 06/14/2021) |
| 06/17/2021 | | MINUTE ORDER. Upon consideration of Defendant's Oral Motion to Modify the 10 Order Setting Conditions of Release, it is hereby ORDERED that the Motion is GRANTED. Defendant may travel to the Eastern District of Pennsylvania and to Maryland without advance permission from Pretrial Services. The current condition requiring Defendant to stay away from the District of Columbia except for Court, pretrial business, or to meet with counsel remains in effect. Signed by Judge Carl J. Nichols on June 17, 2021. (lccjn2) (Entered: 06/17/2021) |
| 06/17/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to JOSEPH W. FISCHER held on 6/17/2021. Speedy Trial as to JOSEPH W. FISCHER is Excluded from 6/17/2021 to 8/19/2021, in the Interest of Justice, XT. Defense request to Modify Release Conditions; heard and Granted. Further Order to be issued by the Court. Status Conference set for 8/19/2021 at 02:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lisa Moreira; Defense Attorney: Lori Ulrich; US Attorney: Alexis Loeb; Pretrial Officer: Dashanta Valentine–Lewis. (zcal) (Entered: 06/17/2021) |
| 07/13/2021 | 38 | *MEMORANDUM REGARDING STATUS OF DISCOVERY* by USA as to JOSEPH W. FISCHER (Attachments: # 1 Exhibit A)(Loeb, Alexis) Modified text on 7/14/2021 (zstd). (Entered: 07/13/2021) |
| 08/16/2021 | 39 | NOTICE *of Discovery Correspondence* by USA as to JOSEPH W. FISCHER (Attachments: # 1 Exhibit Discovery Letter)(Loeb, Alexis) (Entered: 08/16/2021) |
| 08/19/2021 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to JOSEPH W. FISCHER held on 8/19/2021. Speedy Trial as to JOSEPH W. FISCHER is Excluded from 8/19/2021 to 10/26/2021, |

| | | | |
|---|---|---|---|
| | | | in the Interest of Justice, XT. Status Conference set for 10/26/2021 at 02:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Lori Ulrich and Eugene Ohm; US Attorney: Alexis Loeb. (zcal) (Entered: 08/19/2021) |
| 08/30/2021 | 41 | | STATUS REPORT *Discovery Status Report* by USA as to JOSEPH W. FISCHER (Loeb, Alexis) (Entered: 08/30/2021) |
| 09/13/2021 | 42 | | NOTICE *of Discovery Correspondence* by USA as to JOSEPH W. FISCHER (Attachments: # 1 Exhibit Discovery Letter)(Loeb, Alexis) (Entered: 09/13/2021) |
| 09/17/2021 | 43 | | STATUS REPORT *Status of Discovery as of September 14, 2021* by USA as to JOSEPH W. FISCHER (Loeb, Alexis) (Entered: 09/17/2021) |
| 09/27/2021 | 44 | | NOTICE *of Discovery Correspondence* by USA as to JOSEPH W. FISCHER (Attachments: # 1 Exhibit Discovery Letter)(Loeb, Alexis) (Entered: 09/27/2021) |
| 10/22/2021 | 45 | | STATUS REPORT *Status of Discovery as of October 21, 2021* by USA as to JOSEPH W. FISCHER (Loeb, Alexis) (Entered: 10/22/2021) |
| 10/26/2021 | | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to JOSEPH W. FISCHER held on 10/26/2021. Motions due by 1/12/2022. Speedy Trial is as to JOSEPH W. FISCHER is Excluded from 10/26/2021 to 1/12/2022, in the Interest of Justice, XT. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Eugene Ohm and Lori Ulrich; US Attorney: Alexis Loeb. (zcal) (Entered: 10/26/2021) |
| 11/02/2021 | 47 | | MOTION to Modify Conditions of Release by JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order)(Ulrich, Lori) (Entered: 11/02/2021) |
| 11/02/2021 | 48 | | MOTION to Clarify by JOSEPH W. FISCHER. (See docket entry 47 to view document). (zstd) (Entered: 11/03/2021) |
| 11/05/2021 | 49 | | Memorandum in Opposition by USA as to JOSEPH W. FISCHER re 48 MOTION to Clarify, 47 MOTION to Modify Conditions of Release (Loeb, Alexis) (Entered: 11/05/2021) |
| 11/08/2021 | 50 | | STATUS REPORT *Status of Discovery as of November 5, 2021* by USA as to JOSEPH W. FISCHER (Loeb, Alexis) (Entered: 11/08/2021) |
| 11/08/2021 | 51 | | REPLY TO OPPOSITION to Motion by JOSEPH W. FISCHER re 48 MOTION to Clarify, 47 MOTION to Modify Conditions of Release (Ulrich, Lori) (Entered: 11/08/2021) |
| 11/08/2021 | | | MINUTE ORDER. Upon review of the Defendant's 47 Motion to Modify the Conditions of Release and the 48 Motion to Clarify the Conditions of Release, it is ORDERED that the Defendant is permitted to attend his family hunting camp from November 26 to December 12, 2021. It is further ORDERED that the Defendant may use a muzzleloader and/or a bow during that time period to hunt and only to hunt. Signed by Judge Carl J. Nichols on November 8, 2021. (lccjn2) (Entered: 11/08/2021) |

| 11/10/2021 | 52 | | SUPERSEDING INDICTMENT as to JOSEPH W. FISCHER (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s. (zhsj) (Entered: 11/16/2021) |
| --- | --- | --- | --- |
| 01/12/2022 | 54 | | MOTION to Dismiss Count *(s) 1, 3, 4, and 5 of Superseding Indictment* by JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order)(Ulrich, Lori) (Entered: 01/12/2022) |
| 01/12/2022 | 55 | | MOTION to Change Venue *and Memorandum of Law in Support Thereof* by JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order)(Ulrich, Lori) (Entered: 01/12/2022) |
| 01/14/2022 | | | MINUTE ORDER. Upon review of the 54 Defendant's Motion to Dismiss Counts 1, 3, 4, and 5 as well as 55 Defendant's Motion to Change Venue, it is ORDERED that the Government shall respond to both motions on or before February 4, 2022. Signed by Judge Carl J. Nichols on January 14, 2022. (lccjn2) (Entered: 01/14/2022) |
| 01/14/2022 | | | Set/Reset Deadlines as to JOSEPH W. FISCHER: Government Responses due by 2/4/2022. (zcal) (Entered: 01/14/2022) |
| 01/27/2022 | 56 | | Joint MOTION to Hold in Abeyance re 55 MOTION to Change Venue *and Memorandum of Law in Support Thereof* by USA as to JOSEPH W. FISCHER. (Loeb, Alexis) (Entered: 01/27/2022) |
| 02/02/2022 | | | MINUTE ORDER. Upon consideration of 56 the Parties' Joint Request to hold JOSEPH W. FISCHER's 55 Motion to Transfer Venue in Abeyance, it is ORDERED that the Motion is GRANTED. It is further ORDERED that JOSEPH W. FISCHER's Motion to Transfer Venue shall be held in abeyance and that the deadlines for the Governments opposition and JOSEPH W. FISCHER's reply to the Motion are hereby vacated. JOSEPH W. FISCHER may renew his motion or file an amended motion at a later date. Signed by Judge Carl J. Nichols on February 2, 2022. (lccjn2) (Entered: 02/02/2022) |
| 02/02/2022 | | | Terminate Deadlines and Hearings as to JOSEPH W. FISCHER: Response TERMINATED pursuant to Minute Order filed 2/2/2022. (zcal) (Entered: 02/03/2022) |
| 02/04/2022 | 57 | | Memorandum in Opposition by USA as to JOSEPH W. FISCHER re 54 MOTION to Dismiss Count *(s) 1, 3, 4, and 5 of Superseding Indictment* (Loeb, Alexis) (Entered: 02/04/2022) |
| 02/07/2022 | 58 | | MOTION for Leave to File *Reply* by JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order)(Ulrich, Lori) Modified text on 2/7/2022 (zstd). (Entered: 02/07/2022) |
| 02/08/2022 | | | MINUTE ORDER. Upon review of the 54 Defendant's Motion to Dismiss Counts 1, 3, 4, and 5 of the Superseding Indictment, it is ORDERED that the Parties shall appear for in–person argument on Wednesday, February 23 at 1:00pm. Signed by Judge Carl J. Nichols on February 8, 2022. (lccjn2) (Entered: 02/08/2022) |
| 02/08/2022 | | | MINUTE ORDER. Upon review of 58 JOSEPH W. FISCHER's Motion for Leave to File a Reply, it is ORDERED that the Motion is GRANTED. JOSEPH W. FISCHER shall file the Reply on or before February 23, 2022. Signed by Judge Carl J. Nichols on February 8, 2022. (lccjn2) (Entered: 02/08/2022) |

| 02/08/2022 | | | Set/Reset Deadlines as to JOSEPH W. FISCHER: Reply due by 2/23/2022. (zcal) (Entered: 02/08/2022) |
| 02/08/2022 | | | Set/Reset Hearings as to JOSEPH W. FISCHER: Motion Hearing set for 2/23/2022 at 01:00 PM in Courtroom 19– In Person before Judge Carl J. Nichols. (zcal) (Entered: 02/08/2022) |
| 02/08/2022 | 59 | | Unopposed MOTION to Continue *Hearing on Motion to Dismiss* by USA as to JOSEPH W. FISCHER. (Loeb, Alexis) (Entered: 02/08/2022) |
| 02/09/2022 | 60 | | NOTICE *of Recent Authority* by USA as to JOSEPH W. FISCHER re 54 MOTION to Dismiss Count *(s) 1, 3, 4, and 5 of Superseding Indictment*, 57 Memorandum in Opposition (Attachments: # 1 Exhibit U.S. v. Grider Memorandum Opinion)(Loeb, Alexis) (Entered: 02/09/2022) |
| 02/10/2022 | | | MINUTE ORDER. Upon review of the 59 Unopposed Motion to Continue the Hearing on the Motion to Dismiss, it is ORDERED that the Motion is GRANTED. It is further ORDERED that the Parties shall appear for in–person argument on Monday, February 28 at 1:00pm.Signed by Judge Carl J. Nichols on February 10, 2022. (lccjn2) (Entered: 02/10/2022) |
| 02/10/2022 | | | Set/Reset Hearings as to JOSEPH W. FISCHER: Motion Hearing RESET for 2/28/2022 at 01:00 PM in Courtroom 19– In Person before Judge Carl J. Nichols. (zcal) (Entered: 02/10/2022) |
| 02/11/2022 | 61 | | STATUS REPORT *Regarding Status of Discovery as of 2–9–22* by USA as to JOSEPH W. FISCHER (Loeb, Alexis) (Entered: 02/11/2022) |
| 02/22/2022 | 62 | | NOTICE by JOSEPH W. FISCHER re 54 MOTION to Dismiss Count *(s) 1, 3, 4, and 5 of Superseding Indictment* (Ulrich, Lori) Modified text on 2/22/2022 (zstd). (Entered: 02/22/2022) |
| 02/28/2022 | | | Minute Order and Entry for proceedings held before Judge Carl J. Nichols: Motion Hearing/Arraignment as to JOSEPH W. FISCHER (1): Count 1s,2s,3s,4s,5s,6s,7s held on 2/28/2022; Not Guilty Plea as to all counts. Motion 54 ; Taken Under Advisement. Further Opinion and Order to be issued by the Court. Motion 55 ; found as moot. Renewed Venue Motion due by 3/23/2022. Government Response due by 4/25/2022. Motion Hearing / Status Conference set for 5/3/2022 at 01:30 PM in Courtroom 19– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lisa Bankins; Defense Attorney: Lori Ulrich and Eugene Ohm; US Attorney: Alexis Loeb and James Pierce. (zcal) (Entered: 02/28/2022) |
| 03/15/2022 | 64 | | MEMORANDUM OPINIONSigned by Judge Carl J. Nichols on March 15, 2022. (lccjn2) (Entered: 03/15/2022) |
| 03/15/2022 | 65 | | ORDER.Signed by Judge Carl J. Nichols on March 15, 2022. (lccjn2) (Entered: 03/15/2022) |
| 03/22/2022 | 66 | | SUPPLEMENT by JOSEPH W. FISCHER re 55 MOTION to Change Venue *and Memorandum of Law in Support Thereof* (Attachments: # 1 Exhibit 1)(Ulrich, Lori) (Entered: 03/22/2022) |
| 03/28/2022 | | | MINUTE ORDER. Upon review of the 66 Motion to Change Venue, it is ORDERED that the Government shall file a response on or before April 25, |

| | | |
|---|---|---|
| | | 2022. Signed by Judge Carl J. Nichols on March 28, 2022. (lccjn2) Modified on 3/28/2022 to correct date of deadline (zcal). (Entered: 03/28/2022) |
| 03/28/2022 | | Set/Reset Deadlines as to JOSEPH W. FISCHER: Government Response due by 4/5/2022. (zcal) (Entered: 03/28/2022) |
| 03/28/2022 | | NOTICE OF CORRECTED DOCKET ENTRY: Deadline in Minute Order filed 3/28/2022 as to JOSEPH W. FISCHER was corrected. Government Response due 4/25/2022. (zcal) (Entered: 03/28/2022) |
| 03/29/2022 | 67 | RESPONSE TO ORDER OF THE COURT by USA as to JOSEPH W. FISCHER re 65 Order *Regarding Counts Four and Five of the Superseding Indictment* (Loeb, Alexis) (Entered: 03/29/2022) |
| 03/29/2022 | 68 | SUPPLEMENT by USA as to JOSEPH W. FISCHER re 67 Response to Order of the Court *Exhibit A (Secret Service Head of State Worksheet)* (Loeb, Alexis) (Entered: 03/29/2022) |
| 03/31/2022 | 69 | Unopposed MOTION for Leave to File *Reply* by JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order)(Ulrich, Lori) (Entered: 03/31/2022) |
| 04/01/2022 | | MINUTE ORDER. Upon review of the 69 Unopposed Motion to File a Reply, it is ORDERED that the Motion is GRANTED. JOSEPH W. FISCHER may file a reply on or before April 8, 2022. Signed by Judge Carl J. Nichols on April 1, 2022. (lccjn2) (Entered: 04/01/2022) |
| 04/01/2022 | | Set/Reset Deadlines as to JOSEPH W. FISCHER: Reply due by 4/8/2022. (zcal) (Entered: 04/04/2022) |
| 04/06/2022 | 70 | REPLY by JOSEPH W. FISCHER re 65 Order *Regarding Counts Four and Five of the Superseding Indictment* (Ulrich, Lori) (Entered: 04/06/2022) |
| 04/07/2022 | 71 | Unopposed MOTION for Leave to File *Reply Brief* by USA as to JOSEPH W. FISCHER. (Loeb, Alexis) (Entered: 04/07/2022) |
| 04/08/2022 | 72 | MOTION for Reconsideration re 64 Memorandum Opinion, 65 Order *Dismissing Count Three* by USA as to JOSEPH W. FISCHER. (Attachments: # 1 Exhibit A (Reffitt trial transcript), # 2 Exhibit B (Reffitt trial transcript))(Loeb, Alexis) (Entered: 04/08/2022) |
| 04/08/2022 | 73 | REPLY by USA as to JOSEPH W. FISCHER re 70 Reply to document *Regarding Counts Four and Five of the Superseding Indictment* (Loeb, Alexis) (Entered: 04/08/2022) |
| 04/11/2022 | | MINUTE ORDER. Upon review of the 71 Unopposed Motion to File a Reply Brief, it is ORDERED that the Motion is GRANTED. The Government may file a reply brief on or before April 12, 2022. Signed by Judge Carl J. Nichols on April 11, 2022. (lccjn2) (Entered: 04/11/2022) |
| 04/11/2022 | | Set/Reset Deadlines as to JOSEPH W. FISCHER: Reply due by 4/12/2022. (zcal) (Entered: 04/11/2022) |
| 04/13/2022 | 74 | TRANSCRIPT OF PROCEEDINGS in case as to JOSEPH W. FISCHER before Judge Carl J. Nichols held on 02/28/2022; Page Numbers: 61. Date of Issuance:04/13/2022. Court Reporter/Transcriber L. Bankins, Telephone number 202–354–3243, Transcripts may be ordered by submitting the <u>Transcript Order Form</u> |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court repor ter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter. |
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/4/2022. Redacted Transcript Deadline set for 5/14/2022. Release of Transcript Restriction set for 7/12/2022.(Bankins, Lisa) (Entered: 04/13/2022) |
| 04/19/2022 | 75 | Unopposed MOTION for Extension of Time to File *Brief in Opposition* by JOSEPH W. FISCHER. (Attachments: # 1 Text of Proposed Order)(Ulrich, Lori) (Entered: 04/19/2022) |
| 04/19/2022 | 76 | Memorandum in Opposition by USA as to JOSEPH W. FISCHER re 55 MOTION to Change Venue *and Memorandum of Law in Support Thereof* (Loeb, Alexis) (Entered: 04/19/2022) |
| 04/21/2022 | | MINUTE ORDER. Upon consideration of 75 Defendant's Motion for Extension of Time to File Brief in Opposition, it is ORDERED that the Motion is GRANTED. Defendant shall file a Brief in Opposition on or before April 29, 2022.Signed by Judge Carl J. Nichols on April 21, 2022. (lccjn2) (Entered: 04/21/2022) |
| 04/21/2022 | | Set/Reset Deadlines as to JOSEPH W. FISCHER: Response due by 4/29/2022 (zcal) (Entered: 04/21/2022) |
| 04/29/2022 | 77 | Memorandum in Opposition by JOSEPH W. FISCHER re 72 MOTION for Reconsideration re 64 Memorandum Opinion, 65 Order *Dismissing Count Three* (Ulrich, Lori) (Entered: 04/29/2022) |
| 05/02/2022 | 78 | NOTICE OF ATTORNEY APPEARANCE: Amanda Rachel Gaynor appearing for JOSEPH W. FISCHER (Gaynor, Amanda) (Entered: 05/02/2022) |
| 05/02/2022 | 79 | NOTICE OF ATTORNEY APPEARANCE James Pearce appearing for USA. (Pearce, James) (Entered: 05/02/2022) |
| 05/02/2022 | 80 | SUPPLEMENT by USA as to JOSEPH W. FISCHER re 72 MOTION for Reconsideration re 64 Memorandum Opinion, 65 Order *Dismissing Count Three Notice of Recent Authority Relevant to 18 U.S.C. 1512(c)(2)* (Attachments: # 1 Exhibit 1 (Memorandum Opinion in United States v. McHugh))(Loeb, Alexis) (Entered: 05/02/2022) |
| 05/03/2022 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Motion Hearing as to JOSEPH W. FISCHER held on 5/3/2022 re 54 and 72 . 54 Motion to Dismiss Count(s); Granted in Part and Denied in Part. 72 Motion for Reconsideration ; Taken Under Advisement. Further Order to be issued by the Court. Speedy Trial as to JOSEPH W. FISCHER is Excluded from 5/3/2022 to |

| | | |
|---|---|---|
| | | 7/6/2022, in the Interest of Justice, XT. Status Conference set for 7/6/2022 at 02:00 PM in Courtroom 19– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Amanda Gaynor and Eugene Ohm; US Attorney: Alexis Loeb and James Pearce. (zcal) (Entered: 05/03/2022) |
| 05/05/2022 | 81 | SUPPLEMENT by USA as to JOSEPH W. FISCHER re 72 MOTION for Reconsideration re 64 Memorandum Opinion, 65 Order *Dismissing Count Three Notice of Recent Authority* (Attachments: # 1 Exhibit 1 (U.S. v. Reffitt Opinion))(Loeb, Alexis) (Entered: 05/05/2022) |
| 05/12/2022 | 82 | SUPPLEMENT by USA as to JOSEPH W. FISCHER re 72 MOTION for Reconsideration re 64 Memorandum Opinion, 65 Order *Dismissing Count Three Notice of Recent Authority* (Attachments: # 1 Exhibit 1 (Reply Brief Filed in United States v. Miller))(Loeb, Alexis) (Entered: 05/12/2022) |
| 05/25/2022 | 83 | SUPPLEMENT by USA as to JOSEPH W. FISCHER re 72 MOTION for Reconsideration re 64 Memorandum Opinion, 65 Order *Dismissing Count Three Notice of Recent Authority* (Attachments: # 1 Exhibit 1 (Memorandum Opinion in U.S. v. Bingert))(Loeb, Alexis) (Entered: 05/25/2022) |
| 05/30/2022 | | MINUTE ORDER. Upon review of the 72 Government's Motion for Reconsideration, and for the reasons discussed in of the Court's recent 86 Memorandum Opinion in USA v. Miller (21–cr–119), it is ORDERED that the Motion is DENIED. Signed by Judge Carl J. Nichols on May 30, 2022. (lccjn2) (Entered: 05/30/2022) |
| 06/22/2022 | 84 | NOTICE OF APPEAL (Interlocutory) by USA as to JOSEPH W. FISCHER re 65 Order. Fee Status: No Fee Paid. Parties have been notified. (Danello, Elizabeth) (Entered: 06/22/2022) |
| 06/22/2022 | 85 | NOTICE OF ATTORNEY APPEARANCE Elizabeth Harper Danello appearing for USA. (Danello, Elizabeth) (Entered: 06/22/2022) |

CO-290
Rev. 3/88

# United States District Court for the District of Columbia

UNITED STATES OF AMERICA        )
                                )
            vs.                 )        Criminal No.  21-cr-234 (CJN)
                                )
    Joseph W. Fischer           )

## NOTICE OF APPEAL

Name and address of appellant:        United States of America


Name and address of appellant's attorney:        Elizabeth H. Danello, Assistant US Attorney
Office of the US Attorney for DC
601 D Street, NW Room 6.232
Washington, DC  20253


Offense:    18 USC secs. 231(a)(3), 111(a)(1),2, 1512(c)(2),2, 1752(a)(1), 1752(a)(2), 40 USC secs 5104(e)(2)(D), (e)(2)(G)

Concise statement of judgment or order, giving date, and any sentence:

Order, entered on March 15, 2022, dismissing Count Three; Order, entered on May 30, 2022, denying motion for reconsideration


Name and institution where now confined, if not on bail:    N/A


      I, the above named appellant, hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the above-stated judgment.

June 22, 2022                              United States of America
_____                      _____
    DATE                                      APPELLANT
                                          Elizabeth H. Danello
                                          _____
                                          ATTORNEY FOR APPELLANT

GOVT. APPEAL, NO FEE    [✓]
CJA, NO FEE             [ ]
PAID USDC FEE           [ ]
PAID USCA FEE           [ ]
Does counsel wish to appear on appeal?                    YES [ ]    NO [ ]
Has counsel ordered transcripts?                          YES [ ]    NO [✓]
Is this appeal pursuant to the 1984 Sentencing Reform Act?    YES [ ]    NO [✓]

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

  v.

JOSEPH W. FISCHER,

   *Defendant*.

Criminal Action No. 1:21-cr-00234 (CJN)

## ORDER

  This matter is before the Court on Fischer's Motion to Dismiss Counts One, Three, Four, and Five, ECF No. 54.

  Accordingly, for the reasons given in the contemporaneously published Memorandum Opinion, it is hereby

  **ORDERED** that Motion to Dismiss Counts One, Three, Four, and Five, ECF No. 54, is **GRANTED** in part.  Count Three is **DISMISSED WITHOUT PREJUDICE** from the Superseding Indictment, ECF No. 53; and

  it is **ORDERED** that, with regards to Counts Four and Five, the Government has 14 days to either amend the Superseding Indictment to allege that one of then Vice President Pence's family members attended the certification of the electoral vote at the Capitol on January 6 or to explain to the Court why it will not do so.

DATE:  March 15, 2022

_____
CARL J. NICHOLS
United States District Judge

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

JOSEPH W. FISCHER,

*Defendant*.

Criminal Action No. 1:21-cr-00234 (CJN)

## <u>MEMORANDUM OPINION</u>

The government alleges that Defendant Joseph Fischer was an active participant in the notorious events that took place at the U.S. Capitol on January 6, 2021. On November 10, 2021, a grand jury returned a Superseding Indictment that charges Fischer with seven different criminal offenses, several of which are felonies. *See* Superseding Indictment, ECF No. 53. Fischer has moved to dismiss Counts One, Three, Four, and Five. *See* Fischer's Motion to Dismiss, ("Def.'s Mot") ECF No. 54. For the reasons stated below, the Court grants in part and denies in part Fischer's motion.

### I.     Legal Standard

Before trial, a defendant may move to dismiss an indictment on the basis that a "defect in the indictment or information" exists. Fed. R. Crim P. 12(b)(3)(B)(v). "The operative question is whether the allegations, if proven, would be sufficient to permit a jury to" conclude that the defendant committed the criminal offense as charged. *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 107 (D.D.C. 2012). "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Courts must assume as true the

allegations contained in the indictment—but may rely only on those allegations. *United States v. Akinyoyenu*, 199 F. Supp. 3d. 106, 109–10 (D.D.C. 2016) (citing *United States v. Ballestas*, 795 F.3d 138, 149 (D.C. Cir. 2015)). Strict "[a]dherence to the language of the indictment is essential because the Fifth Amendment requires that criminal prosecutions be limited to the unique allegations of the indictments returned by the grand jury." *United States v. Hitt*, 249 F.3d 1010, 1016 (D.C. Cir. 2001).

## COUNT ONE

Count One of the Superseding Indictment charges Fischer with civil disorder in violation of 18 U.S.C. § 231(a)(3).

> On or about January 6, 2021, within the District of Columbia, **JOSEPH W. FISCHER**, committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

18 U.S.C. § 231(a)(3) provides:

> Whoever commits or attempts to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function shall be fined under this title or imprisoned not more than five years or both.

Fischer argues that portions of § 231(a)(3) are unconstitutionally vague because the provision's "imprecise and subjective standards fail to provide fair notice and creates significant risk of arbitrary enforcement." Def.'s Mot. at 4–5. Fischer further contends that § 231(a)(3) is unconstitutionally overbroad because "several of the statute's terms are so broad and indefinite as

to impose unqualified burdens on a range of protected expression." *Id.* at 5. In particular, Fischer points to "*any act to obstruct, impede, or interfere with*" as well as "*incident to and during the commission of a civil disorder*" as the problematic components of the civil disorder statute. *Id.* at 4 (emphasis added). The Court, joining the company of other judges in this district, rejects these arguments. *See United States v. Mostofsky*, No. CR 21-138 (JEB), 2021 WL 6049891, at *8 (D.D.C. Dec. 21, 2021) (rejecting an overbreadth challenge to § 231(a)(3)); *United States v. Nordean*, No. CR 21-175 (TJK), 2021 WL 6134595, at *16 (D.D.C. Dec. 28, 2021) (holding that § 231(a)(3) is neither vague nor overbroad); *United States v. McHugh*, No. CR 21-453 (JDB), 2022 WL 296304, at *13 (D.D.C. Feb. 1, 2022) (same).

### A. 18 U.S.C. § 231(a)(3) is not Void for Vagueness

The void-for-vagueness doctrine as currently understood[1] arises from both "ordinary notions of fair play and the settled rules of law." *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018) (quotation omitted). The doctrine "guarantees that ordinary people have fair notice of the conduct a statute proscribes" and "guards against arbitrary or discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges." *Id.* (quotations omitted). A court will therefore decline to enforce a statute as impermissibly vague if it either (1) "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or (2) "authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 732 (2000).

---

[1] Some have questioned whether the void-for-vagueness doctrine is consistent with the Due Process Clause, *see Sessions*, 138 S. Ct. at 1242 (Thomas, J., dissenting) ("I continue to doubt that our practice of striking down statutes as unconstitutionally vague is consistent with the original meaning of the Due Process Clause."), but this Court is of course bound to apply the doctrine in its current form.

Section 231(a)(3) criminalizes any "act" or "attempt[ed]" act to "obstruct, impede, or interfere" with a law enforcement officer "lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder." 18 U.S.C. § 231(a)(3). The alleged civil disorder must "in any way or degree obstruct[], delay[], or adversely affect[] commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function." *Id.* The statute defines civil disorder as "any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of or results in damage or injury to the property or person of any other individual." 18 U.S.C. § 232(1).

The Court concludes that the statute, taken as a whole, is not unconstitutionally vague. Section 231(a)(3) provides sufficient notice of the conduct it prohibits. It prohibits any "act" done "to obstruct, impede, or interfere" with law enforcement responding to a "civil disorder." 18 U.S.C. 231(a)(3). As Judge Kelly has persuasively concluded, "these terms are not dependent on the subjective reaction of others," but are rather subject to "specific fact-based ways to determine whether a defendant's conduct interferes with or impedes others, or if a law enforcement officer is performing his official duties incident to and during a civil disorder." *Nordean*, 2021 WL 6134595 at *16.

Fischer argues that "by penalizing any act to obstruct, impede, or interfere, § 231(a)(3) reaches the outer limits of verbal and expressive conduct without drawing any distinction that could exclude acts undertaken merely to convey a message or symbolic content." Def.'s Mot at 6. But the terms Fischer attacks do not carry the potential for misunderstanding or make the statute "so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015). As Judge Bates has convincingly concluded: "There is a crucial difference between

4

reasonable people differing over the <u>meaning</u> of a word and reasonable people differing over its <u>application</u> to a given situation—the latter is perfectly normal, while the former is indicative of constitutional difficulty." *McHugh*, 2022 WL 296304 at *16.

Fischer further contends that the term "civil disorder, as defined under § 232(1), is extremely far-reaching, applying to any public disturbance involving acts of violence by assemblages of three or more persons, which causes an immediate danger of . . . injury to the property," and that this "definition of civil disorder offers no limitation to solve the vagueness problem because it could apply to virtually any tumultuous public gathering to which police might be called, not just largescale protests or riots." Def.'s Mot. at 7. But civil disorder's "fulsome statutory definition" makes plain that to constitute a "civil disorder," the "gathering" must "involve acts of violence" and either cause or "immediate[ly]" threaten bodily injury or property damage." *McHugh*, 2022 WL 296304 at *15 n.22. The definition, in other words, "limits the application of "civil disorder" to a small (obviously unlawful) subset of "public gatherings." *Id.*

Fischer also claims that "because § 231(a)(3) contains no scienter requirement, . . . it is left to police, prosecutors, and judges to decide whether the statute requires knowledge or specific intent or neither." Def.'s Mot. at 8. But the contrary is true: "§ 231(a)(3) is a specific intent statute, criminalizing only acts performed with the intent to obstruct, impede, or interfere with a law enforcement officer." *McHugh*, 2022 WL 296304 at *14. Even the government acknowledges that the defendant must have acted with intent to violate § 231(a)(3). *See* Gov.'s Br. in Opp'n ("Gov.'s Br."), ECF No. 57 at 9.

All in all, § 231(a)(3) survives Fischer's void-for-vagueness challenge because it provides Fischer with sufficient notice of the conduct it prohibits.

### B.  18 U.S.C. § 231(a)(3) is not Unconstitutionally Overbroad[2]

In the typical case, a litigant bringing a facial constitutional challenge "must establish that no set of circumstances exists under which the [law] would be valid," or the litigant must "show that the law lacks a plainly legitimate sweep." *Americans for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2387 (2021) (quotation omitted).  Courts treat facial challenges differently in the First Amendment context.  In that context, a litigant will succeed on an overbreadth challenge "if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Id.* (quotation omitted).  Refusing to enforce a statute because of overbreadth concerns is "strong medicine," and courts will refuse to enforce the statute on such grounds "only as a last resort." *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973); *see also United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1583 (2020) (Thomas, J., concurring) (noting that it "appears that the overbreadth doctrine lacks any basis in the Constitution's text, violates the usual standard for facial challenges, and contravenes traditional standing principles").

Despite Fischer's argument to the contrary, § 231(a)(3) is not unconstitutionally overbroad because "the statute's potentially unconstitutional applications are few compared to its legitimate ones." *Mostofsky*, 2021 WL 6049891 at *8.  The text shows that § 231(a)(3) covers "primarily, if not exclusively, conduct or unprotected speech, such as threats."  Gov.'s Mot at 22.  Section 231(a)(3), in other words, "applies to persons who commit or attempt to commit 'any act to obstruct, impede, or interfere' with law enforcement or firefighters.  The words 'any act' imply that the statute is directed towards conduct, not speech." *United States v. Phomma*, No. 3:20-CR-

---

[2] The vagueness doctrine differs from the overbreadth doctrine in that "[a] vague law denies due process by imposing standards of conduct so indeterminate that it is impossible to ascertain just what will result in sanctions; in contrast, a law that is overbroad may be perfectly clear but impermissibly purport to penalize protected First Amendment activity." *Hastings v. Jud. Conf. of the U.S.*, 829 F.2d 91, 105 (D.C. Cir. 1987).

00465-JO, 2021 WL 4199961, at *5 (D. Or. Sept. 15, 2021).  It should come as no surprise then

that numerous "federal judges all within the last year" have rejected overbreadth challenges lodged

against § 231(a)(3).  *See McHugh*, 2022 WL 296304 at *17; *Nordean*, 2021 WL 6134595 at *17;

*Mostofsky*, 2021 WL 6049891 at *8; *United States v. Howard*, No. 21-cr-28 (PP), 2021 WL

3856290, at *11–12 (E.D. Wis. Aug. 30, 2021); *United States v. Wood*, No. 20-cv-56 (MN), 2021

WL 3048448, at *8 (D. Del. July 20, 2021).  This Court joins the ranks.

### COUNT THREE

Count Three of the Superseding Indictment charges Fischer with obstruction of an official

proceeding in violation of 18 U.S.C. § 1512(c)(2).

> On or about January 6, 2021, within the District of Columbia and elsewhere, **JOSEPH W. FISCHER**, attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

18 U.S.C. § 1512(c) provides:

> Whoever corruptly –
>
> (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or
>
> (2) Otherwise obstructs, influences, or impedes any official proceeding, or attempts to do so, . . . shall be fined . . . or imprisoned.

The Court recently concluded that the word "otherwise" links subsection (c)(1) with

subsection (c)(2) in that subsection (c)(2) is best read as a catchall for the prohibitions delineated

in subsection (c)(1).  *United States v. Miller*, No. 21-cr-00119, Dkt. No. 72, slip op. at 28 (D.D.C.

Mar. 7, 2022).  As a result, for a defendant's conduct to fall within the ambit of subsection (c)(2),

7

the defendant must "have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding."  *Id.*

The Superseding Indictment does not allege that Fischer has taken any such action.  Count Three of the Superseding Indictment alleges only that Fischer "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18."  Nothing in Count Three (or the Superseding Indictment generally) alleges, let alone implies, that Fischer took some action with respect to a document, record, or other object in order to corruptly obstruct, impede, or influence Congress's certification of the electoral vote.  The Court will therefore grant Fischer's Motion to Dismiss Count Three.

### COUNTS FOUR & FIVE

Count Four of the Superseding Indictment charges Fischer with entering and remaining in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(1).

> On or about January 6, 2021, within the District of Columbia and elsewhere, **JOSEPH W. FISCHER**, did knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, without lawful authority to do so.

18 U.S.C. § 1752(a)(1) provides:

> (a)  Whoever—
>
> (1)  knowingly enters or remains in any restricted building or grounds without lawful authority to do so;
>
>      . . . shall be punished as provided in subsection (b).

Count Five of the Superseding Indictment charges Fischer with disorderly and disruptive conduct in a restricted building or grounds in violation of 18 U.S.C. § 1752(a)(2).

On or about January 6, 2021, within the District of Columbia and elsewhere, **JOSEPH W. FISCHER**, did knowingly and with intent to impede and disrupt the orderly conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.

18 U.S.C. § 1752(a)(2) provides:

(a) Whoever—

(2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions;

. . . shall be punished as provided in subsection (b).

For the purposes of both § 1752(a)(1) and § 1752(a)(2), 18 U.S.C. § 1752(c)(1)(B) defines "restricted building or grounds:"

as a "posted, cordoned off, or otherwise restricted area . . . where the President or other person protected by the Secret Service *is or will be temporarily visiting*."

From the government's perspective, the Capitol qualified as "restricted building and grounds" on January 6 because it was a "building or grounds where the President or other person protected by the Secret Service is or will temporarily be visiting." 18 U.S.C. § 1752(c)(1)(B). *See* Gov.'s Br. at 48. According to the Superseding Indictment, then-Vice President Michael Pence counts as the "other person." But as Fischer sees it, then-Vice President Pence could not have been "temporarily visiting" the Capitol on January 6 because (1) he had a permanent office, in his capacity as President of the Senate, "within the United States Capitol and its grounds," and because (2) he presided over the Senate Chamber on January 6 to count the electoral votes in accordance

9

with the Electoral Count Act.  *See* 3 U.S.C. § 15 ("Congress shall be in session on the sixth day of January succeeding every meeting of the electors.  The Senate and House of Representatives shall meet in the hall of the House of Representatives at the hour of 1 o'clock in the afternoon on that day, and the *President of the Senate shall be their presiding officer*.") (emphasis added).

The Court held argument on Fischer's motion on February 28, 2022.  At the argument, the government suggested a willingness to amend the Superseding Indictment to allege that one of then Vice President Pence's family members—who were not present at the Capitol in the capacities that then Vice President Pence was—attended the certification of the electoral vote at the Capitol on January 6.  Indeed, the government stated the following in its brief in opposition to Fischer's motion to dismiss:  "While not specifically alleged in the indictment, two other Secret Service protectees (members of the Vice President's immediate family), also came to the U.S. Capitol that day for a particular purpose: to observe these proceedings."  Gov.'s Br. at 47.   And Fischer's counsel essentially conceded during the argument that the motion to dismiss Counts Four and Five would be meritless if the government added the names of additional Secret Service protectees to the Superseding Indictment.  As a result, the Court grants the government 14 days to either amend the Superseding Indictment or to explain to the Court why it will not do so.

\*      \*      \*

For the foregoing reasons, the Court will grant in part and deny in part Fischer's Motion to Dismiss, ECF No. 54.  An appropriate order will follow.

DATE:  March 15, 2022

CARL J. NICHOLS
United States District Judge

## U.S. District Court

### District of Columbia

**Notice of Electronic Filing**

The following transaction was entered on 5/30/2022 at 10:56 AM and filed on 5/30/2022

**Case Name:**       USA v. FISCHER
**Case Number:** 1:21–cr–00234–CJN
**Filer:**
**Document Number:** No document attached
**Docket Text:**
 **MINUTE ORDER. Upon review of the [72] Government's Motion for Reconsideration, and for the reasons discussed in of the Court's recent [86] Memorandum Opinion in USA v. Miller (21–cr–119), it is ORDERED that the Motion is DENIED. Signed by Judge Carl J. Nichols on May 30, 2022. (lccjn2)**


**1:21–cr–00234–CJN–1 Notice has been electronically mailed to:**

Lori J. Ulrich     lori_ulrich@fd.org, amanda_gaynor@fd.org, hang_lai@fd.org, julie_good@fd.org, matthew_chea@fd.org, penny_rogers@fd.org, susan_jefferys@fd.org

Alexis Jane Loeb     alexis.loeb@usdoj.gov

Eugene Jeen–Young Kim Ohm     eugene_ohm@fd.org, montserrat_a_fernandez@fd.org

James Pearce     james.pearce@usdoj.gov, PIN.ECF@usdoj.gov

Amanda Rachel Gaynor    amanda_gaynor@fd.org

**1:21–cr–00234–CJN–1 Notice will be delivered by other means to::**