UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     *Appellant* | : | No. 22-3038 |
| | : | |
|   v. | : | |
| | : | |
| JOSEPH W. FISCHER, | : | |
|     *Appellee* | : | |

**APPELLEE'S REPLY TO APPELLANT'S OPPOSITION TO MOTION TO STAY THE MANDATE**

Appellee, Joseph W. Fischer, by counsel, submits the following reply to the Government's response in opposition to a stay of this Court's mandate.

### I. This appeal involves substantial and important issues of federal law.

In its response, the government raises three arguments that, in its view, reflect the lack of a "substantial question." None has any merit.

First, it maintains that Mr. Fischer "cannot identify an important question of federal law that has divided . . . federal courts." Doc. 2002500 at 5. But one need not look beyond the Panel's opinion to see that this is not true. The scope of 18 U.S.C. § 1512(c) deeply divided the Panel. *See United States v. Fischer*, 64 F.4th 329, 340-41 &n.1, 350 n.8,

362 n.10, 363, 370 (D.C. Cir. 2023). And it divided the district court judges addressing the issue. *Cf., e.g.*, *United States v. Fischer*, 605 F. Supp. 3d 63, 66 & n.1 (D.D.C. 2022) (collecting cases). Just as important, that the Panel issued a precedential opinion in *Fischer*—despite the deep divisions—reflects the substantial nature of the legal issues. Indeed, the Circuit's Local Rule governing opinions states that the decision to publish one reflects, for instance, that it addresses a "substantial issue." *See* D.C. CIR. R. 36(c)(2)(A).

Second, the point the government attempts to make on a "substantial question," that is, whether it has divided the courts, fails to acknowledge the other parts of the relevant standard. To be sure, under subsection (a) of Supreme Court Rule 10, a substantial question warranting certiorari may exist when the United States Courts of Appeal have issued conflicting decisions on a particular issue. *See* SUP. CT. R. 10(a). But the standards for granting certiorari also include, among others, subsection (c). There, certiorari may be granted when a court of appeal "has decided an important question of federal law that has not been, but should be, settled by [the Supreme] Court." Sup. Ct. R. 10(c). Certiorari is also appropriate when a court of appeal has

"decided an important federal question in a way that conflicts with the relevant decisions of [the Supreme] Court." *Id.*

As to the initial standard under this subsection, the government cannot dispute that the application of Section 1512(c) beyond the evidence impairment context represents an unprecedented extension of the statute. Judge Pan acknowledged as much. *See Fischer*, 64 F.4th at 339 (Pan, J.). And the government implicitly concedes that this novel expansion of criminal responsibility under Section 1512(c) affects hundreds of individuals and prosecutions.

On the second part of Rule 10(c), the lead opinion's application of Section 1512(c) conflicts with or, at a minimum, deviates from the decisions from the Supreme Court. The government contends that this part of the standard is not satisfied because the district court and Mr. Fischer relied, in part, on *Begay v. United States*, 553 U.S. 137 (2008). See Doc. 2002500 at 7. In the government's view, *Begay* is irrelevant "because it interpreted a statute with a very different structure." *Id.* But that's simply an argument for distinguishing *Begay*. And as Mr. Fisher noted previously, other courts have followed *Begay* when interpreting similar language in different provisions. *E.g.*, *United*

3

States v. Brooks, 610 F.3d 1186, 1200-01 (9th Cir. 2010). As important, Judge Katsas emphasized that, in other statutory contexts, the Supreme Court has repeatedly rejected the Lead opinion's broad interpretation of criminal responsibility that reaches either innocent or previously unregulated conduct. *See Fischer*, 64 F.4th at 378. (Katsas, J. dissenting) (collecting cases).

Even if one ignores Judge Katsas' recitation of Supreme Court decisions contradicting a broad reading of criminal statute like Section 1512(c), the Court recently addressed the very arguments made by the Appellees. In *Dubin v. United States*, No. 22-10, slip op. at 1 (U.S. June 8, 2023), the Court construed the breadth of the Aggravated Identity Theft statute, 18 U.S.C. § 1028A(a)(1). There, as Appellees argued here, the Court stressed that the words of a statute cannot be read in isolation. *See id.* at 12. Rather, the Court employed the canon "that a word is known by the company it keeps," *noscitu a sociis*. *Id*. In so doing, the Court emphasized that courts must "exercise restraint in assessing the reach of a federal criminal statute." *Id*. at 17.

Finally, the government offers that an opinion in a different appeal, *e.g.*, *United States v. Robertson*, No. 3062 (D.C. Cir.) may clarify

the mens rea element in 18 U.S.C. § 1512(c), and if it does, Mr. Fischer can then re-raise his issue over the actus rei after trial. *See* Doc. 2002500 at 7-8. This argument makes no sense. The decision of the Panel constitutes the law of the case. *See LaShawn A., et al., v. Barry, et al.*, 87 F.3d 1389, 1393 (D.C. Cir. 1996).[1]

In sum, the legal issues in this appeal are substantial and satisfy the Supreme Court's review criteria.

---

[1] If the government is suggesting that the Supreme Court may be able to address the issue in *Fisher* after trial and following a direct appeal, that argument is, to say the least, speculative. In any event, a trial will not alter the legal issue over the scope of Section 1512(c). And there is no dispute about Mr. Fischer's actions in the Capitol, the government captured them in a three-minute-49-second video, which shows:

> Mr. Fischer entering the Capitol building at 3:25 p.m., well after Congress recessed. Nearing the police line (about 20 feet into the building), the crowd knocks him to the ground. Returning to his feet, he hands a pair of handcuffs he found on the ground to an officer. A police officer pepper sprays Mr. Fischer, and he manages to leave the way he entered.

*See United States v. Fischer*, No. 1:21-CR-00234, Doc. 51 at 4 & Doc. 49 at 3.

## II. Mr. Fischer's circumstances present "good cause" for a stay.

As for good cause, the government claims that Mr. Fischer cannot show that he would be harmed by the reactivation of proceedings in the district court. In support, the government makes two arguments. First, it states that the issuance of the mandate does not require that Mr. Fischer stand trial. Doc. 2002500 at 9. According to the government, he can simply ask the district court to delay matters until after the disposition of his petition for a writ of certiorari. *Id.* Second, the government asserts that no harm comes from the felony Section 1512(c) count because Mr. Fischer faces other charges. *Id.* These arguments reflect a misunderstanding of the trial and sentencing processes.[2]

On the first point, it's true that the mandate itself does not require the district court to immediately schedule a trial. But that assertion misses the point. It ignores both the mandate's effect and basic criminal procedure. The mandate returns jurisdiction to the district court. *See generally* DAVID G. KNIBB, FEDERAL COURT OF

---

[2] At this stage of the process and having not been convicted of any of the other charges, Mr. Fischer is presumed innocent. *See Coffin v. United States*, 156 U.S. 432, 453 (1895).

6

APPEALS MANUAL §§ 34:11, 34:16 (7th ed. 2023) (describing the purpose and effect of the mandate). The Speedy Trial Act then requires a trial within 70 days of the indictment. *See* 18 U.S.C. § 3161(c)(1).

And in arguing that the district court may grant a stay or that Mr. Fischer's trial may be so far in the future as to make this issue moot, the government forgets to mention two things. One, it proceeded to trial against Mr. Miller on the other counts, he ultimately pleaded guilty, and the district court sentenced him. *See United States v. Miller*, No. 1:21-CR-00119 at Doc's. 138 & 147 (guilty plea transcript and judgment).[3] Second, if the government realistically expects that the district court will stay Mr. Fischer's trial or schedule it so far out that the issue is moot, then why is it opposing a stay of the mandate here?

Finally, the government's argument on the effect (harm) of a conviction under Section 1512(c) is contradicted by the Sentencing Guidelines. A conviction under Section 1512(c) drives the guideline range by requiring an eight-level enhancement. *See* U.S. SENT'G GUIDELINES MANUAL § 2J1.2(b)(1)(B) (U.S. Sent'g Comm'n 2021).

---

[3] By requiring that this case returns for proceedings in the district court, the government is burdening the taxpayers with two trials or two sentencings, *e.g.*, *Miller*, when judicial economy counsels otherwise.

7

## III. Conclusion

For these reasons, the Appellee, Joseph W. Fischer, requests that this Court grant his motion to stay the mandate pending final disposition by the United States Supreme Court.

                                      Respectfully submitted,

Date: June 9, 2023                */s/ Frederick W. Ulrich*
                                      FREDERICK W. ULRICH, ESQ.
                                      Asst. Federal Public Defender
                                      Attorney ID# PA44855
                                      AMANDA R. GAYNOR, ESQ.
                                      Staff Attorney
                                      RYAN F. SHELLEY, ESQ
                                      Staff Attorney

                                      100 Chestnut Street, Suite 306
                                      Harrisburg, PA 17101
                                      Tel. No. 717-782-2237
                                      Fax No. 717-782-3881
                                      *fritz_ulrich@fd.org*
                                      *Counsel for Appellee*

## CERTIFICATE OF PARTIES

I hereby certify, under FED. R'S. APP. P. 32(g) and 27(d)(2)(A), that the foregoing Reply to Opposition to Motion to Stay Mandate was prepared in Century Schoolbook 14-point font and contains 1,422 words.

>/s/ Frederick W. Ulrich
>FREDERICK W. ULRICH, ESQ.
>Asst. Federal Public Defender

Date:  June 9, 2023

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Reply to Appellant's Opposition to Appellee's Motion to Stay Mandate with the Clerk of the Court for the United States Court of Appeals for the D.C. Circuit by using the appellate CM/ECF system on June 9, 2023, James I. Pearce, U.S. Department of Justice, counsel for appellant, [james.pearce@usdoj.gov](mailto:james.pearce@usdoj.gov), who is a registered CM/ECF user, will be served by the appellate CM/ECF system.

　　　　　　　　　　　　　　　　　　　　*/s/ Frederick W. Ulrich*
　　　　　　　　　　　　　　　　　　　　FREDERICK W. ULRICH
　　　　　　　　　　　　　　　　　　　　Asst. Federal Public Defender